# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0984V
(not to be published)

| | |
|---|---|
| MARY LEPPER,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 12, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time; Excessive Billing; First Class Airfare |

*Michael G. McLaren*, Black McLaren, et at., P.C., Memphis, TN, for Petitioner.

*Daniel Anthony Principato*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 10, 2018, Mary Lepper ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre syndrome as a result of an influenza vaccine and/or pneumococcal PCV-13 vaccine administered on October 26, 2015. (Petition at 1). On August 6, 2019, a decision was issued by then-Chief Special

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Master Dorsey awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 26).[3]

Petitioner has now filed a motion for attorney's fees and costs, dated October 31, 2019, (ECF No. 30), requesting a total award of $28,419.93 (representing $25,857.70 in fees and $2,562.23 in costs). In accordance with General Order #9, counsel for Petitioner filed a signed statement indicating that Petitioner has incurred out-of-pocket expenses in the amount of $52.82. (ECF No. 30-3). Respondent reacted to the motion on November 14, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 32). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion awarding final attorney's fees and costs in the amount of **$25,163.98**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. §300aa-§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and

---

[3] On October 1, 2019, this case was transferred to me for resolution of attorney's fees and costs.

costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

   A. Hourly Rates

I have reviewed the rates requested by Petitioner for the work of the various attorneys and legal staff who worked on this case (the billing invoices indicate that most of the time billed was performed by Christopher Webb plus some law clerks and paralegals). I find the rates requested to be consistent with what has been previously awarded to Black McLaren attorneys and also consistent with the Office of Special Masters fee schedules.[4]

   B. Excessive and Duplicative Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

The attorneys at Black McLaren have previously had requests for attorney's fees reduced for excessive and duplicate billing. *See Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019). In reviewing the invoices submitted, I found that multiple attorneys and staff members receiving and reviewing the same documents and filings online. Examples of these include:

- September 15, 2017 - (SRW 0.10 hrs) "Receipt/Review records from urgent care" (CJW 0.30 hrs) "Receipt, note contents, review and analyze new medical records";

---

[4] The Fee schedules can be accessed at: http://www.uscfc.uscourts.gov/node/2914

- July 9, 2018 SRW (0.10 hrs) "Receipt/review, note and save to file client's notarized affidavit; save to file"; CJW (0.20 hrs) "Receive, review and note signed affidavit";
- March 5, 2019 (SRW 0.10 hrs) "Receipt/review and note scheduling order entered today" (CJW 0.20 hrs) "Receipt/review and note scheduling order";
- March 7, 2019 (SRW 0.10 hrs) "Receipt/review and note 240 day order"; (CJW 0.10 hrs) "Receive, review and note 240 day order";
- April 19, 2019 (CJW 0.10 hrs) "Receipt/review and note scheduling order"; and April 22, 2019 (MGM 0.10 hrs) "Review yet another new scheduling order"

(ECF No. 30-2 at 2, 9, 12 and 13).[5]

### C. Administrative Time

It also appears that a number of entries in the billing records are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these include:

- November 14, 2017 (0.10 hrs) "Receipt of invoice and medical records; work on scanning and saving to client file; review invoice charges; copy of records to Chris Webb for review; copy of invoice to Sherry Fearon for payment; update provider chart"
- January 4, 2018 (0.20 hrs) "Receipt of secured records from Promedica Physicians; review, print, and scan to file; update provider chart"
- September 28, 2018 (0.10 hrs) "Correspondence to Deirdre Baker regarding invoice being paid"
- March 9, 2018 (0.20 hrs) "Receipt/Review and note Home Health Records; save to file and update PC"

(ECF No. 30-2 at 3, 5 and 6).[6]

---

[5] These are merely examples and not an exhaustive list.

[6] These are merely examples and not an exhaustive list.

It is for both of the above reasons that I reduce the requested amount of attorney's fees in the amount of 10 percent, for a total reduction of **$2,585.77**.

## ATTORNEY COSTS

Petitioner requests $2,562.23 in overall costs.  (ECF No. 30 at 1). This amount is comprised of obtaining medical records, travel costs, and the Court's filing fee.  I have reviewed all the requested costs and find them to be reasonable with an exception regarding costs associated with travel by attorney Chris Webb. The attorneys at Black McLaren, Mr. Webb in particular, have previously had costs reduced for the reasons listed below.

Mr. Webb purchased a first-class ticket for what is listed as a "triangle trip" to visit two separate clients in two separate states and to interview a potential new associate.[7] The total cost of the airline ticket was $1,230.10; however, Mr. Webb is only seeking reimbursement for one half of the total ticket cost ($615.05) in this case with the other portion in a case still pending in the Program.

Mr. Webb claims that purchasing a first-class ticket to split among two cases, was less expensive than purchasing a coach ticket for the same trip. Airfare is subject to a wide-range of price differentials including, but not limited to, the date the flight is booked and the date of travel. One curated data point cannot be extrapolated to show that a first-class flight was the most reasonable option of travel. Mr. Webb has previously had requests for costs reduced for purchasing first class airfare with the justification of it being the "cheaper" option and is aware that the Vaccine Program does not reimburse costs for first-class airfare. *See e.g., Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr., December 10, 2018); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019).

Under most circumstances I would compensate some portion of counsel's airfare. However, I note that Mr. Webb has been cautioned in past cases about the purchase of first-class airfare and that it is not compensable in the Vaccine Program. Therefore, I shall reduce the request for costs in the amount of **$615.05,** the full amount of the requested cost of airfare. In the future, I am willing to compensate trips split among multiple cases, so long as counsel abides by the established rules of the Vaccine Program.

---

[7] The invoices show Mr. Webb did not bill time to the program to meet with the potential new associate.

Additionally, during this client visit Mr. Webb utilized Uber Black, a black car service, for his transportation to and from the airport. Mr. Webb incurred a total bill of $110.28, and is requesting reimbursement of half of the invoice, for a total amount of $55.14. (ECF No. 30-2 at 14). Just as with the airline ticket, Mr. Webb (and the attorneys of Black McLaren) have had their requests for costs reduced for using Uber Black services. *Wright,* 2018 WL 7051676 at *6; *Digerolamo*, 2019 WL 4305792, at *7. I shall reduce the request for costs by **$55.13**, the total requested in this case for Uber Black services.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. §300aa-§15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award the following:

- **A lump sum of $25,163.98, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and**

- **A lump sum of $52.82, representing reimbursement for petitioner's costs, in the form of a check payable to Petitioner.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master